UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JAMIE R. WADE III,                                                            PLAINTIFF

v.                                            CIVIL ACTION NO. 3:09-CV-531-S

ELMER J. GEORGE and
SHARRON WADE,                                        DEFENDANTS

**MEMORANDUM OPINION**

      Elmer George mailed a collection letter addressed to Jamie Wade's mother's address, rather than to his personal P.O. Box. Wade claims that the letter constituted harassing behavior and that he does not owe the sum demanded, and accordingly has filed a 59-page, 222-paragraph federal civil rights complaint. The lawsuit invokes the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq., so we have jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367. The defense has moved to dismiss. Because it was filed after the answer we will construe this motion as a one for judgment on the pleadings pursuant to Rule 12(c) rather than as one for dismissal pursuant to Rule 12(b)(6). Whatever its label, the motion under submission is properly reviewed under the 12(b)(6) standard, *Lindsay v. Yates*, 498 F.3d 434, 438 (6th Cir. 2007), which requires us to dismiss a complaint unless it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009). While we must take the complaint's factual allegations as true in making this assessment, we need not accept the truth of legal conclusions or draw unwarranted factual inferences. *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000).

The primary basis for the lawsuit is the FDCPA. To be held liable under that statute a defendant must be a "debt collector" within its meaning. George does not qualify. The statute defines the term as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). George is a lawyer, and there is no allegation that the "principal purpose" of his business is debt collection. So he is only a debt collector if he "regularly collects or attempts to collect" debts, but there is no allegation to that effect either. An attorney is considered to "regularly" engage in debt collection if he "collects debts as a matter of course for [his] clients or for some clients, or collects debts as a substantial, but not principal, part of his . . . general law practice." *Schroyer v. Frankel*, 197 F.3d 1170, 1176 (6th Cir. 1999). The complaint baldly asserts that George is a debt collector (¶ 8), but this is a legal conclusion rather than a factual allegation. It warrants no credit absent factual support. The only debt collecting activity mentioned in the complaint is the single letter out of which this controversy arises. This is not enough to meet the statutory definition as explicated by the court of appeals. Thus all the allegations depending on George's status as a debt collector must be dismissed.

Count 17 under the heading "Elmer and Sharron's Violations of the Fair Debt Collection Practices Act" (¶¶ 182-83) invokes 15 U.S.C. § 1692j, which holds any person (not just debt collectors) liable for furnishing deceptive forms. Count 17, however, does not state a "plausible" claim for relief. The letter that is the basis of is action was not "used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor." 15 U.S.C. § 1692j(a).

Rather, it clearly indicates that George had sent it with respect to his client Sharron Wade. The claim must therefore be dismissed.

The complaint also alleges violations of the Federal Trade Commission Act (FTCA), 15 U.S.C. § 41 et seq., but only insofar as the defendants have violated the FDCPA. Because as explained above they have not done so the FTCA claims must also be dismissed.

The remainder of the complaint asserts claims under Kentucky tort law. We have some doubt about the merits of those claims, but think they are better left to the state courts. Accordingly we decline to exercise jurisdiction, 28 U.S.C. § 1367(c)(3), and will dismiss them without prejudice so that the plaintiff may re-file in the appropriate state court.

The claims asserted against Sharron Wade have no more merit than those against George. Indeed, they rely on his liability as the basis for a respondeat superior claim against her. Sua sponte (Sharron not having filed a motion to dismiss or for judgment on the pleadings), the court will treat them identically.

A separate order will effectuate the decisions expressed above.